UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES KARIM MUHAMMAD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NORTH RICHMOND SENIOR HOUSING, INC,<br><br>　　　　Defendant. | Case No. 15-cv-00629-WHO<br><br>**ORDER GRANTING REQUEST TO PROCEED IFP AND REMANDING CASE**<br><br>Re: Dkt. No. 3 |

## INTRODUCTION

Defendant James Karim Muhammad has filed an application to proceed *in forma pauperis*. Docket No. 3. I have reviewed that application and GRANT it.

However, even if an applicant qualifies for IFP status, the court must examine the case, or in this case the notice of removal, to ensure that the action contains cognizable and non-frivolous claims that can be pursued in this Court. *Id*. § 1915(e)(2)(B). The court may dismiss an IFP action if the Court determines that the action fails to meet those standards. *Id*. In addition to the Court's duty to examine the merits of an action under the IFP statute, the Court also has an independent duty to determine whether it has jurisdiction. In the case of a removed action, if it appears at any time before final judgment that the court lacks subject matter jurisdiction, the court must remand the action to state court. 28 U.S.C. § 1447(c). The removing defendant bears the burden of establishing that removal is proper. *See Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir.2009).

This case must be remanded to state court because this Court lacks jurisdiction over the removed case and Muhammad's claims are frivolous.

## BACKGROUND

On February 10, 2015, Muhammad removed this unlawful detainer case brought against him by plaintiff North Richmond Senior Housing, Inc. from the Superior Court of Contra Costa County.  Dkt. 1 (Verified Petition for Removal); *see also North Richmond v. Muhammad*, Case No. CivRS13-1488 Superior Court for Contra Costa County.  In his petition for removal, Muhammad complains: (i) about a conspiracy between the judge in the underlying unlawful detainer action and the attorneys for North Richmond Senior Housing; (ii) that the state court and the attorneys illegally violated orders issued by the Bankruptcy Court for Northern District of California during Muhammad's Chapter 7 proceedings, *see In re James Karim Muhammad*, Case No. 14-41311 CN Chapter7, United States Bankruptcy Court for the Northern District of California; and (iii) that the unlawful detainer action is an attempt to collect a debt discharged in Bankruptcy Court in violation of "contempt of court."  Removal Petition at 2-8.  Muhammad contends that this Court has "original jurisdiction" over this removed action because of unspecified "federal questions" and because the judge who supervised the state court unlawful detainer action conspired with and also had the authority to prevent the attorneys from violating the automatic stay during the bankruptcy proceedings.  Petition for Removal at 9-10.

This is the second time Muhammad has sought to remove the unlawful detainer action (CivRS 13-1488) to this Court.  His first attempt was dismissed for failure to timely remove and for lack of subject matter jurisdiction over the underlying unlawful detainer action.  *See North Richmond Housing, Inc. v. Muhammad*, Case No. 14-299 SBA, Northern District of California, Dkt. No. 13.

## DISCUSSION

This case must be remanded back to state court for multiple reasons.

**Lack of Subject Matter Jurisdiction**.  As Judge Armstrong noted in remanding this case the first time, this Court does not have subject matter jurisdiction over a state court unlawful detainer action.  Dkt. No. 13 in Case No. 14-299 at 2-3.  "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  "The rule makes the plaintiff

the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  Conversely, "it is now settled law that a case may not be removed to federal court on the basis of a federal defense." *Id*.

California federal courts have repeatedly held that unlawful detainer cases brought under California's unlawful detainer statute do not raise federal questions.  *See, e.g., Bank of Am., N.A. v. Arriola*, No. 12-cv-1652-JCS, 2012 WL 1996954, at *2 (N.D. Cal. June 4, 2012).  Plaintiff North Richmond Senior Housing, Inc.'s complaint is for unlawful detainer under California law and does not raise or present a federal question that confers subject matter jurisdiction on this Court.  Moreover, even though Muhammad is attempting to raise federal claims or defenses that he believes arise out of the unlawful detainer action, he cannot do so in this removed action.  *See Caterpillar Inc.*, 482 U.S. at 393.

**Plaintiff's Claims are Frivolous**.  Even if subject matter jurisdiction existed, plaintiff's asserted claims and defenses are frivolous.  The heart of plaintiff's complaints in the Petition for Removal before this Court is that the state court judge and attorneys – by continuing to pursue the unlawful detainer claim following his bankruptcy discharge in July 2014 – have violated the orders of the Bankruptcy Court.  Petition for Removal, 6-9.  However, as the Bankruptcy Court itself ruled on March 9, 2015 in its Order Denying Motion to Enforce Discharge Injunction, North Richmond was allowed – despite the earlier discharge – to pursue the unlawful detainer case and seek to collect from Muhammad amounts due to North Richmond from Muhammad's continued unauthorized occupancy of North Richmond's property after his Chapter 7 case closed.  *See* Dkt. No. 55 at 2-4 (filed 3/9/15) in Case No. 14-41311.  The Bankruptcy Court explicitly found that in continuing to pursue the unlawful detainer action in state court, North Richmond was not seeking to collect discharged debts and North Richmond's judgment of possession in the state court unlawful detainer action (entered on February 10, 2015) did not violate the Bankruptcy's Court's discharge injunction.  *Id*. at 3.[1]

---

[1] I note that after filing this case, Muhammad filed an ex parte motion for an emergency protective order, where Muhammad sought to appeal the decision of the Bankruptcy Court on his motion to enforce the discharge injunction *before* the Bankruptcy Court had issued its final ruling. *See In re James Karim Muhammad*, Case No. 15-mc-80070 JST, Dkt. No 3.  That ex parte motion

1    Therefore, plaintiff's current claims that the state court judge and attorneys for North
2 Richmond somehow violated the Bankruptcy Court orders following his Chapter 7 discharge by
3 proceeding with the unlawful detainer proceeding following Muhammad's July 2014 discharge are
4 without merit and frivolous.

## CONCLUSION

Because this Court lacks subject matter jurisdiction over the removed unlawful detainer case and because Muhammad's claims are frivolous, this case must be REMANDED back to the Superior Court for Contra Costa County.  The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: March 13, 2015



WILLIAM H. ORRICK
United States District Judge

---

was denied for lack of jurisdiction, failure to make a showing that he was entitled to relief, and for failure to follow the Local Rules.  *Id*.